UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ATLANTIC CASUALTY INSURANCE
COMPANY, A Foreign corporation,           CASE No.:

        Plaintiff,
vs.

GROWING CITY CORP. and
LEONARD MINICH,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, ("ACIC"), through its undersigned counsel, sues Defendants, GROWING CITY CORP., and LEONARD MINICH, for declaratory relief and alleges as follows:

### Nature of Suit

1. This is an action to declare the rights and obligations of parties under a commercial general liability policy.

2. ACIC seeks a declaration that no coverage is afforded under its policy for any damages which have been alleged against its named insured, GROWING CITY CORP., ("GROWING CITY"), in the underlying *Minich* action and ACIC has no duty to defend or indemnify GROWING CITY in that action.

3. This declaratory judgment is sought to resolve an actual controversy between the parties regarding insurance coverage which is afforded to Defendant, GROWING CITY under ACIC's policy.

## Jurisdiction and Venue

4. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the underlying *Minich* Action that is the subject of this coverage action is pending in this district.

6. The underlying *Minich* Action arises out of alleged damage to a condominium unit owned by Leonard Mich which was caused by the negligence of GROWING CITY and its subcontractor, Sombra Tile Installation, LLC. Who were hired to perform work in MINICH's unit.

7. MINICH has alleged that his damages total $487,697.08.

8. The policy of insurance which is the subject of this lawsuit affords coverage subject to a limit of $1,000,000. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees.

9. All conditions precedent to the filing of this action have occurred or have been complied with.

## Parties

10. Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina.

11. At all times material to this action, Defendant, LEONARD MINICH, was a resident of Minnesota and otherwise *sui juris*.

12. At all times material to this action, Defendant, GROWING CITY, was and is a Florida corporation with its principal place of business in Marco Island, Florida.

13. MINICH is being named in this coverage action solely as an interested party. ACIC seeks no affirmative relief from MINICH other than to bind him to any judgment which may be entered in this coverage action.

## Underlying *Minich* Action

14. On August 19, 2024, MINICH a lawsuit styled *Leonard Minich v. Growing City Corp., et al*, Case # 2024-CA-001733, which is presently pending in the Circuit Court in and for Collier County, Florida ("*Minich* Action"). A copy of the operative Third Amended Complaint from the *Minich* Action is attached hereto as **Exhibit "A"** and is incorporated herein.

96170\326929946.v1

15.   The *Minch* Action alleges GROWING CITY worked as a general contractor to renovate a condominium unit located directly next door to the condominium unit owned by MINICH.

16.   The *Minch* Action alleges GROWING CITY hired several subcontractors, including Designer Choice Kitcehn and Bath, LLC, who then hired Gallaway Floorz, LLC, who then hired Sombra Tile Installation, LLC, all of whom worked for GROWING CITY on the renovation work in the condominium unit neighboring MINICH's condominium unit.

17.   The *Minich* Action alleges that during the course of the renovations to the neighboring unit, one of the workers failed to turn off the water hose in the master bathroom, which caused water to leak into MINICH's unit resulting in extensive damage.

18.   The Third Amended Complaint alleges GROWING CITY was negligent in causing the damage to MINICH's unit.

19.   The Third Amended Complaint in the *Minich* Action asserts three counts against GROWING CITY: (1) Negligence (Count II); (2) Negligence Supervision (Count III); and (3) Vicarious Liability (Count IV).

20.   ACIC has agreed to defend GROWING CITY in connection with the claims alleged against it in the *Minch* Action, subject to a complete reservation of rights.

96170\326929946.v1

21.   On or about February 23, 2023, GROWING CITY entered into a settlement agreement with Sombra Tile Installation, LLC, which released Sombra (and its insurer) from all claims, including the claim that MINICH is pursing against GROWING CITY in the *Minich* Action.

22.   Pursuant to this settlement agreement GROWING CITY also agreed to defend and indemnify Sombra in future actions.

23.   Prior to entering into a settlement agreement with Sombra, GROWING CITY did not give notice to ACIC and did not obtain ACIC's consent to such agreement.

### ACIC's Policy

24.   ACIC issued a Commercial General Liability policy number L030005464-3 to GROWING CITY CORP. as the named insured, which was in effect from June 14, 2022 to June 14, 2023 (the "Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit "B."**

25.   The subject Policy affords coverage for "bodily injury" caused by an "occurrence" and promises to defend the insured with regards to covered claims, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

  **1.** **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage **A** and **B**.

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" ;

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and . . . .

  26. The Policy contains various endorsements, including the following titled: CONDITION–INDEPENDENT CONTRACTORS AND SUBCONTRACTS,

(referred to herein as the "Warranty Endorsement") which provides in pertinent part:

### CONDITION – INDEPENDENT CONTRACTORS AND SUBCONTRACTORS

This endorsement modifies insurance provided under the following:
\*\*\*
COMMERCIAL GENERAL LIABILITY COVERAGE PART
\*\*\*

This classification used in this policy containing the words "Contractors Subcontracted Work" apply to that portion of the operations performed for or on behalf of any insured by independent contractor(s) or subcontractor(s). There is no coverage for that portion of the operations performed for or on behalf of any insured by independent contractor(s) or subcontractor(s) unless Condition A or Condition B is met.

If Condition A or Condition B is not met, then this insurance does not apply to any claims, loss, costs or expense arising out of or related to the action(s) or inaction(s) of independent contractors or subcontractors by or on behalf of any insured; or for the negligent hiring, training, supervision, direction, inspection, investigation, management or retention of independent contractors or subcontractors on behalf of any insured.

Condition A.

This insurance does not apply to any claim arising from subcontracted work unless the insured can demonstrate:

1) The independent contractor or subcontractor maintains insurance in force for his operations with at least the following Limits of Liability:

    A.    General Aggregate Limit (Other than Products Completed Operations)
$1,000,000

Products Completed Operations Aggregate Limit

$1,000,000

Each Occurrence Limit
$1,000,000

    B.    Or the limits provided by this policy, whichever are less; and

2) A hold harmless agreement in favor of you has been executed with the independent contractor or subcontractor, for the their negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of subcontractor, its agent or employee, or any third party under the control or supervision of the independent contractor or subcontractor; and

3) You are endorsed to the independent contractor's or subcontractor's Commercial General Liability policy as an additional insured for the independent contractor's or subcontractor's negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of subcontractor, its agent or employee, or any third party under the control or supervision of the independent contractor or subcontractor; and

4) You will obtain Certificates of Insurance from each independent contractor or subcontractor with evidence verifying the requirements of paragraphs 1 and 3 above. These certificates must be kept on file for a minimum of ten years.

A copy of the Warranty Endorsement is separately attached hereto as

**Exhibit "C**

27. In addition, the Policy contains the following provision, in relevant part, regarding the insured's duties, as follows:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> **2.   Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> \*\*\*
>
> d.   No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## COUNT I – DECLARATORY JUDGMENT AS TO FAILURE TO COMPLY WITH WARRANTY CONDITION

28. ACIC incorporates and restates the allegations stated in paragraphs 1-27 as though the same were fully set forth herein.

29. In order for coverage under ACIC's policy to exist, the insured must comply with certain requirements as stated in the policy's Warranty Endorsement.

30. GROWING CITY failed to comply with one or more requirements set forth in the Warranty Endorsement.

31. It is ACIC's position that no coverage is afforded for the damages claimed against GROWING CITY in the *Minich* Action because GROWING CITY failed to comply with one or more requirements set forth in the Warranty Endorsement.

32. ACIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

33. An actual, present and justiciable controversy exists between ACIC and GROWING CITY warranting the entry of declaratory judgment by this Court.

### COUNT II – DECLARATORY JUDGMENT AS TO FAILURE TO COMPLY WITH DUTIES – SETTLEMENT AND ASSUMPTION OF OBLIGATION WITHOUT ACIC's CONSENT

34. ACIC incorporates and restates the allegations stated in paragraphs 1-27 as though the same were fully set forth herein.

35. The subject Policy imposes upon the Insured certain duties and obligations, including the duty to not assume obligations, or incur expenses, without the insurer's consent.

36. Prior to reporting the loss to ACIC, and before the *Minich* Action was filed, GROWING CITY entered into a settlement agreement with Sombra Tile Installation, Inc., which released Sombra from any future liability.

37. After the *Minich* Action was filed, ACIC retained defense counsel to defend GROWING CITY as ACIC's insured.

38. Based upon the settlement GROWING CITY entered into with Sombra, defense counsel for GROWING CITY has been unable to assert proper defenses to defend GROWING CITY in the *Minich* Action.

39. Because Sombra is the party primarily at fault, GROWING CITY's actions in releasing Sombra, without ACIC's consent or knowledge, significantly prejudiced ACIC's ability to defend GROWING CITY in the *Minich* Action.

40. It is ACIC's position that GROWING CITY's failure to obtain the consent of ACIC prior to entering into a settlement agreement with Sombra, which has subverted ACIC's ability to defend GROWING CITY, constitutes a breach of the policy conditions which relieves ACIC of its duty to defend or indemnify the Insured in that action.

41. Accordingly, it is the position of ACIC that it has no duty to defend or indemnify GROWING CITY against any claims which have been asserted against GROWING CITY in the *Minich* Action.

42. ACIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

43. An actual, present and justiciable controversy exists between ACIC and its Insured, GROWING CITY, warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, requests that this Court enter judgment in its favor and against Defendant declaring that:

    A.    The subject ACIC Policy does not afford coverage for GROWING CITY for any damages claimed against it in the underlying *Minich* action; and

    B.    ACIC as no duty to defend or indemnify GROWING CITY with respect to any claims alleged against it in the *Minich* Action.

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

Plaintiff further requests that the Court grant such other relief that the Court deems appropriate and just.

Dated:  November 10, 2025

Respectfully submitted,

**HINSHAW & CULBERTSON,   LLP**

By: */s/ Stephanie H. Carlton*
Gary Khutorsky, Esq. (FBN 814271)
gkhutorsky@hinshawlaw.com
Stephanie H. Carlton, Esq.
(FBN 123763)
scarlton@hinshawlaw.com
201 East Las Olas Blvd, Suite 1450
Ft. Lauderdale, FL 33301
Tel: 954-467-7900
*Fax: 954-467-1024*
*Attorneys for Plaintiff, Atlantic Casualty Insurance Company*